IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-774-D

| | |
|---|---|
| RHINO LININGS CORPORATION, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> GEM&J ENTERPRISES LTD. and ) </br> CAROLINA COATINGS ) </br> TECHNOLOGIES, LLC, ) </br> ) </br> Defendants. ) | **ORDER** |

On March 1, 2013, Rhino Linings Corporation ("Rhino Linings" or "plaintiff") filed an amended complaint [D.E. 32], alleging trademark infringement, unfair competition, dilution of a distinctive mark, sale of counterfeit goods and services, and unfair and deceptive trade practices by GEM&J Enterprises Ltd. ("GEM&J"), and Carolina Coatings Technologies, LLC ("Carolina Coatings") (collectively "defendants"). On April 3, 2013, defendants filed a motion to compel arbitration, a motion to stay, a motion to dismiss, and a supporting memorandum [D.E. 38–41]. Rhino Linings opposes the motions and argues that its claims are beyond the scope of the arbitration clause [D.E. 44].

"[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983); see Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 92 (4th Cir. 1996). The parties do not dispute the existence of the contracts between plaintiff and defendants. The contracts provide that "any unresolved controversies or claims arising hereunder,

whether in contract, in tort or statutory, shall be determined by binding arbitration." [D.E. 38-1] 23; [D.E. 38-2] 20. Plaintiff's claims result from defendants' allegedly improper use of plaintiff's trademarks, the use of which the contracts authorized in some circumstances. See, e.g., [D.E. 38-1] 5–6; [D.E. 38-2] 5–6. Thus, the phrase "claims arising hereunder, whether in contract, in tort or statutory" may be fairly construed to cover plaintiff's claims. At best, the language is ambiguous as to the exclusion of these claims from arbitrability. Any doubt is resolved in favor of arbitration. See, e.g., Moses H. Cone, 460 U.S. at 24–25; Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 711 (4th Cir. 2001). Accordingly, the court concludes that all of plaintiff's claims are arbitrable. See Peabody Holding Co. v. United Mine Workers of Am., Int'l Union, 665 F.3d 96, 104–107 (4th Cir. 2012); Porter Hayden Co. v. Century Indem. Co., 136 F.3d 380, 381–82 (4th Cir. 1998); Nat'l Ass'n. of Assoc. Publishers v. Prince Publ'g, Inc., No. 6:96-CV-1063, 1997 WL 34588520, at *2–4 (M.D.N.C. May 8, 1997) (unpublished). The defendants' motion to compel arbitration is granted.

In light of the court's decision to compel arbitration of plaintiff's claims, the court grants defendants' motion to stay this litigation until the parties arbitrate this matter according to the terms of the contracts. See 9 U.S.C. § 3; Choice Hotels, 252 F.3d at 709–10.

In sum, the court GRANTS defendants' motions to compel arbitration [D.E. 38] and to stay these proceedings [D.E. 39]. The court DENIES defendants' motion to dismiss [D.E. 40] without prejudice.

SO ORDERED. This 11 day of June 2013.

                                            JAMES C. DEVER III
                                            Chief United States District Judge